IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01000-WDM-BNB

CLARENCE ARTHUR WALKER,

Plaintiff,

v.

ELAINE MEYER, and
PITCHER,

Defendants.
_____

**ORDER**
_____

This matter is before me on the following papers filed by the plaintiff (the "Papers"):

(1)  **Doc. # 4**, filed 5/14/07 (a letter addressed "To Whom it Concerns" which appears to be a witness list);

(2)  **Doc. #5**, filed 5/14/07 (a letter which appears to be an update of the plaintiff's attempts to add a witness to his "list" and to obtain a summons );

(3)  **Doc. #9**, filed 5/17/07 (a letter which appears to be an update of the plaintiff's attempts to obtain a summons);

(4)  **Doc. #12**, filed 6/6/07 (a letter and two Inmate Medical Request Forms which describe the plaintiff's difficulties in obtaining medical care for his allergies);

(5)  **Doc. #16**, filed 6/18/07 (a list of explanations and justifications for bringing this law suit);

(6) **Doc. #17**, filed 6/19/07 (a letter and two attachments which purport to prove that defendant Pritcher is writing frivolous statements in the plaintiff's medical file);

(7) **Doc. #19**, filed 6/22/07 (a letter wherein the plaintiff complains that unnamed guards are harassing him);

(8) **Doc. #26**, filed 7/10/07 (a state court form which appears to be a complaint lodged by the plaintiff against a non-defendant state official);

(9) **Doc. #27**, filed 7/10/07 (same)

(10) **Doc. #28**, filed 7/10/07 (a paper entitled "Affidavit" and two attachments wherein the plaintiff complains of harassment by non-defendant guards);

(11) **Doc. #29**, filed 7/10/07 (a state court form entitled "Temporary Civil Protection Order Issued Pursuant to §13-14-102, C.R.S." which has not been filed but names defendant Pritcher as the Restrained Party");

(12) **Doc. #30**, filed 7/10/07 (same, but names a non-defendant as the "Restrained Party");

(13) **Doc. #32**, filed 7/16/07 (another list of explanations and justifications for bringing this law suit);

(14) **Doc. #33**, filed 7/16/07 (a letter complaining of harassment by unnamed guards);

(15) **Doc. #35**, filed 7/16/07 (another list of explanations and justifications for bringing this law suit); and

(16) **Doc. #36**, filed 7/18/07 (a paper wherein the plaintiff lists two Supreme Court cases and states that his case should not be dismissed).

The plaintiff is currently incarcerated at the Arapahoe County Detention Facility. He filed a Prisoner Complaint (the "Complaint") on May 14, 2007 [Doc. #3]. He names as defendants Elaine Meyer, Medical Administrator; and "Pitcher Doctor R/T." *Complaint*, p. 2. The Complaint brings one claim for denial of medical treatment in violation of the Eighth Amendment. The defendants filed separate answers to the Complaint on July 9, 2007.

Since filing his Complaint, the plaintiff has inundated the Court with Papers. The Papers are not relevant to any pending matter in this case. They do not seek any specific relief. To the extent they could be construed to seek relief, they are not in the form of a motion. The plaintiff has either filed them under an improper case number or no case number at all. The plaintiff has not served any of the Papers on the defendants since they entered their appearances.

The Federal Rules of Civil Procedure allow the Court, on its own initiative at any time, to strike any immaterial or impertinent matter. Fed.R.Civ.P. 12(f). Accordingly, the Papers are STRICKEN, and the plaintiff is ordered cease filing frivolous, irrelevant, and inappropriate papers with the Court.

In addition, copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*) in compliance with Fed.R.Civ.P. 5. Rule 5 provides:

> Every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties.

> \* \* \*
> All papers after the complaint required to be served
> upon a party, together with a certificate of service,
> shall be filed with the court within a reasonable time
> after service.

Fed.R.Civ.P. 5(a) and (d).

Service upon other parties may be by mail. Proof that service has been made is provided by a certificate of service. This certificate should be filed along with the original papers and should show the day and manner of service. The plaintiff shall serve all future papers on the defendants in compliance with Rule 5.

Finally, "[a]n application to the court for an order shall be by motion which . . . shall state with particularity the grounds therefor, and shall set forth the relief or order sought. . . . The rules applicable to captions and other matters of form of pleadings apply to all motions and other papers provided for by these rules." Fed.R.Civ.P. 7(b). All papers filed by the plaintiff in the future must comply with Rule 7.

IT IS ORDERED that the Papers are STRICKEN.

IT IS FURTHER ORDERED that the plaintiff shall cease filing frivolous, irrelevant, and inappropriate papers with the Court.

IT IS FURTHER ORDERED that all future filings by the plaintiff shall comply with this Order.

Dated July 30, 2007.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge