IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01000-WDM-BNB

CLARENCE ARTHUR WALKER,

Plaintiff,

v.

ELAINE MEYER, and
PITCHER,

Defendants.
_____

**ORDER**
_____

This matter is before me on numerous filings bearing the following ECF document

numbers:

    (1)    **Doc. # 39**, filed 7/31/2007;

    (2)    **Doc. # 40**, filed 7/31/2007;

    (3)    **Doc. # 50**, filed 8/9/2007;

    (4)    **Doc. # 51**, filed 8/9/2007;

    (5)    **Doc. # 52**, filed 8/9/2007;

    (6)    **Doc. # 53**, filed 8/9/2007;

    (7)    **Doc. # 55**, filed 8/9/2007;

    (8)    **Doc. # 57**, filed 8/10/2007;

    (9)    **Doc. # 58**, filed 8/10/2007;

    (10)    **Doc. # 60**, filed 8/10/2007;

 (11) **Doc. # 61**, filed 8/14/2007;

 (12) **Doc. # 62**, filed 8/14/2007;

 (13) **Doc. # 63**, filed 8/14/2007;

 (14) **Doc. # 65**, filed 8/15/2007;

 (15) **Doc. # 66**, filed 8/15/2007;

 (16) **Doc. # 67**, filed 8/15/2007; and

 (17) **Doc. # 74**, filed 8/24/2007.

The plaintiff is a pretrial detainee at the Arapahoe County Detention Facility. He filed a Prisoner Complaint (the "Complaint") on May 14, 2007 [Doc. #3], naming as defendants Elaine Meyer, Medical Administrator, and "Pitcher Doctor R/T." *Complaint*, p. 2. The Complaint brings one claim for denial of medical treatment in violation of the Eighth Amendment. The defendants filed separate answers to the Complaint on July 9, 2007.

The plaintiff is engaged in abusive litigation conduct. Since initiating the case, the plaintiff has inundated the Court with filings. In an earlier Order [Doc. # 38, filed 7/30/2007], I struck 16 filings finding that they were not relevant to any pending matter in this case; did not seek any specific relief; or were not in the form of a motion. In addition, the plaintiff failed to serve any of the materials on the defendants or provide a certificate of service. My Order directing the plaintiff to correct these problems notwithstanding, he subsequently has made an additional 17 filings, specified above, all guilty of the same shortcomings as I identified in my Order of July 30.

The Federal Rules of Civil Procedure allow a court, on its own initiative at any time, to strike immaterial or impertinent matters. Fed.R.Civ.P. 12(f). Accordingly, the materials identified

above are STRICKEN.  The plaintiff is ordered to cease filing frivolous, irrelevant, and inappropriate materials.

In addition, copies of materials filed in this court are to be served on counsel for all other parties in compliance with Rule 5, Fed.R.Civ.P.  Rule 5 provides:

> Every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties.
>
> * * *
>
> All papers after the complaint required to be served upon a party, together with a certificate of service, shall be filed with the court within a reasonable time after service.

Fed.R.Civ.P. 5(a) and (d).

Service on other parties may be by mail.  Proof that service has been made is provided by a certificate of service.  This certificate should be filed along with the original papers and should show the day and manner of service.  The plaintiff shall serve all future papers on the defendants in compliance with Rule 5.

Finally, "[a]n application to the court for an order shall be by motion which . . . shall state with particularity the grounds therefor, and shall set forth the relief or order sought. . . . The rules applicable to captions and other matters of form of pleadings apply to all motions and other papers provided for by these rules."  Fed.R.Civ.P. 7(b).  All papers filed by the plaintiff in the future must comply with Rule 7.

IT IS ORDERED that the following materials are STRICKEN:  **Doc. # 39**, filed 7/31/2007; **Doc. # 40**, filed 7/31/2007; **Doc. # 50**, filed 8/9/2007; **Doc. # 51**, filed 8/9/2007; **Doc. # 52**, filed 8/9/2007; **Doc. # 53**, filed 8/9/2007; **Doc. # 55**, filed 8/9/2007; **Doc. # 57**, filed 8/10/2007; **Doc. # 58**, filed 8/10/2007; **Doc. # 60**, filed 8/10/2007; **Doc. # 61**, filed 8/14/2007; **Doc. # 62**, filed 8/14/2007; **Doc. # 63**, filed 8/14/2007; **Doc. # 65**, filed 8/15/2007; **Doc. # 66**, filed 8/15/2007; **Doc. # 67**, filed 8/15/2007; and **Doc. # 74**, filed 8/24/2007.

IT IS FURTHER ORDERED that the plaintiff shall cease filing frivolous, irrelevant, and inappropriate materials.

IT IS FURTHER ORDERED that all future filings by the plaintiff shall comply with this Order.

This is my second warning to the plaintiff.  As I stated orally during the hearing today, I will recommend that this action be dismissed as a sanction for litigation abuse if the plaintiff fails to comply with this order and continues his pattern of abusive conduct by inundating the court with materials that are redundant; are not relevant to any pending matter in this case; do not seek any specific relief; are not in the form of a motion; or are not served on the defendants.

Dated August 31, 2007.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge