IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01000-WDM-BNB

CLARENCE ARTHUR WALKER,

Plaintiff,

v.

ELAINE MEYER, and
PITCHER,

Defendants.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

The plaintiff is a pretrial detainee at the Arapahoe County Detention Facility. He filed a Prisoner Complaint (the "Complaint") on May 14, 2007 [Doc. #3], naming as defendants Elaine Meyer, Medical Administrator, and "Pitcher Doctor R/T." *Complaint*, p. 2. The Complaint brings one claim for denial of medical treatment in violation of the Eighth Amendment. The defendants filed separate answers on July 9, 2007.

The plaintiff is engaged in abusive litigation conduct. Since initiating the case, the plaintiff has inundated the Court with filings. In an earlier Order [Doc. # 38, filed 7/30/2007], I struck 16 filings finding that they were not relevant to any pending matter in this case; did not seek any specific relief; or were not in the form of a motion.[1] In addition, the plaintiff failed to serve any of the materials on the defendants or provide a certificate of service. In striking these filings, I explained the requirements of Rule 5 of the Federal Rules of Civil Procedure, and I ordered the

---

[1] My Order lists the filings and provides a brief description of each.

plaintiff to serve all future papers on the defendants in compliance with Rule 5. I also ordered the plaintiff to cease filing frivolous, irrelevant, and inappropriate papers with the Court.

My Order directing the plaintiff to correct these problems notwithstanding, he subsequently made an additional 17 filings, all guilty of the same shortcomings as I identified in my Order of July 30. On August 31, 2007, I struck the additional 17 filings for failure to serve them on the defendants, and I again ordered the plaintiff to cease filing frivolous, irrelevant, and inappropriate materials [Doc. #77]. In addition, I reiterated the requirements of Rule 5 and ordered the plaintiff to serve all future papers on the defendants in compliance with Rule 5.

At a hearing on August 31, 2007, and in my Order issued August 31, 2007 [Doc. #77], I warned the plaintiff that I would recommend dismissal of this action as a sanction for litigation abuse if he failed to comply with my orders and continued his pattern of abusive conduct by "inundating the court with materials that are redundant; are not relevant to any pending matter in this case; do not seek any specific relief; are not in the form of a motion; *or are not served on the defendants.*" (Emphasis added).

Subsequently, the plaintiff filed the following motions (the "Motions"):

(1) **Motion to Amend Complaint** [Doc. #79, filed 9/5/07];

(2) **Motion for Extension of Time and Request to Apoint** [sic] **Temporary Counsel** [Doc. #86, filed 10/19/07]; and

(3) **Motion to Grant Leave to Proceed** *in forma pauperis* [Doc. #88, filed 10/22/2007.

The plaintiff does not certify that copies of the Motions were served on opposing counsel, and there is no indication in the record that the plaintiff served copies of the Motions on opposing

2

counsel. Consequently, I ordered the plaintiff to show cause why this case should not be dismissed for failure to serve the Motions on opposing counsel as required by Rule 5 of the Federal Rules of Civil Procedure, and for failure to comply with orders of this Court. D.C.COLO.LCivR 41.1. I warned the plaintiff that failure to show cause would result in my recommendation that this case be dismissed.

On November 8, 2007, the plaintiff filed a response to my Order to Show Cause [Doc. #92] (the "Response"). The Response does not address the plaintiff's failure to serve the defendants. Instead, the plaintiff complains that he does not understand how to litigate this action.

I have twice provided the plaintiff with detailed written instructions regarding service on the defendants [Docs. # 38 and #77]. In addition, at the hearing on August 31, 2007, I provided the plaintiff with detailed oral instructions regarding service on the defendants.[2] After my instruction, the plaintiff specifically stated that he understood how to serve the defendants. Moreover, it is clear from the record that the plaintiff understands how to serve papers on the defendants. On September 12, 2007, he filed a response to defendant Meyer's summary judgment motion [Doc. #82], and on October 9, 2007, he filed a surreply to the motion [Doc. #85]. Included in the response and the surreply are proper certificates of service on counsel for the defendants.

Despite my repeated orders directing the plaintiff to serve every paper on the defendants, my repeated instructions on how to serve the defendants, my repeated warnings that I will recommend dismissal of the case as a sanction for failure to serve filings on the defendants, and

---

[2]I also addressed each filing that was stricken, and detailed the deficiencies of each.

the plaintiff's statement that he understood my instructions on how to accomplish service on the defendants, the plaintiff has continued to file papers that have not been served on the defendants. The plaintiff's failure to serve the defendants, coupled with his failure to show cause why his case should not be dismissed, justifies dismissal of his case under D.C.COLO.LCivR 41.1. Additionally, the Federal Rules of Civil Procedure authorize sanctions, including dismissal of a case, for failing to comply with court rules or any order of the court. Fed. R. Civ. P. 41(b); see also Conkle v. Potter, 352 F.3d 1333, 1337 (10th Cir. 2003); Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002).

Before imposing dismissal as a sanction, however, a district court must evaluate appropriate factors, including the following:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). The circuit court also acknowledged in Ehrenhaus that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." Id. at 920.

Applying the Ehrenhaus factors, I find that the defendants have been prejudiced by the plaintiff's behavior. The defendants were required to attend the August 31, 2007, hearing which was primarily a discussion regarding the plaintiff's abusive filing. They are not receiving the

4

plaintiff's filings or are obtaining them independently by monitoring the docket. These are burdens that defendants are not required to shoulder.

The plaintiff's repeated misconduct has substantially interfered with the judicial process. The plaintiff has littered the case file with frivolous, irrelevant, and inappropriate papers which do not meaningfully address the pertinent issues in the case. This has resulted in tremendous additional work for the Court.

The plaintiff is obviously culpable. He has been ordered to serve all papers on the defendants; he has been warned that failure to serve all papers on the defendants would result in my recommendation that this case be dismissed; and he has been warned that failure to show cause for continued failure to serve the defendants would result in dismissal of his case. Nevertheless, he has continued to file papers which he has not served on the defendants.

A sanction less than dismissal with prejudice would not be effective. The plaintiff is proceeding *in forma pauperis*, and a monetary sanction would be ineffective. The plaintiff has repeatedly ignored unambiguous Court orders and warnings, and he has failed to show cause for his conduct. His conduct shows a total lack of respect for the Court and the judicial system. Dismissal with prejudice is the only effective sanction.

In summary, I find that under the specific facts of this case, the aggravating factors of the plaintiff's repeated misconduct--in the face of the my direct orders to stop and accompanying warnings--outweigh the judicial system's strong predisposition to resolve cases on the merits. Accordingly,

I respectfully RECOMMEND that this action be DISMISSED WITH PREJUDICE for the plaintiff's abuse of the judicial system and for his repeated failures to comply with orders of this Court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 27, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge