IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01000-WDM-KMT

CLARENCE ARTHUR WALKER,

    Plaintiff,

v.

ELAINE MEYER, and
PITCHER,

    Defendants.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Boyd N. Boland, issued November 27, 2007 (Docket No. 97), that Plaintiff's complaint be dismissed with prejudice for abuse of the judicial system and for Plaintiff's repeated failures to comply with orders of this Court. Plaintiff did not file an objection to the recommendation and, therefore, is not entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons set forth below, I accept Magistrate Judge Boland's recommendation.

In his Complaint, Plaintiff asserts a single claim for relief for cruel and unusual punishment in violation of the Eighth Amendment against Elaine Meyer, Medical Administration, and Pitcher, Doctor R/T. Plaintiff generally alleges that he has been denied medical treatment for his severe seasonal allergies for over two months. He claims that, as a result of the failure to get medical treatment for his allergies, he

PDF Final

cannot sleep, has severe emotional distress, and has contracted a nasal infection. Defendants filed separate answers on July 9, 2007 (Docket Nos. 24, 25).

Magistrate Judge Boland recommends that Plaintiff's case be dismissed with prejudice for abuse of the judicial process and failure to comply with the orders of this Court. After he filed the Complaint, Plaintiff filed sixteen separate documents which Magistrate Judge Boland struck on July 30, 2007 (Docket No. 38). For example, included in these sixteen filings were, *inter alia*, witness lists (Docket Nos. 4, 5); a letter and two Inmate Medical Request Forms which outline Plaintiff's difficulty in getting medical attention (Docket No. 12); a list of explanations and justifications for bringing the lawsuit and incorporating other allegations (Docket Nos. 16, 32, 35); state court forms which appear to be complaints filed against non-defendant state officials (Docket Nos. 26, 27); a letter complaining of harassment by unnamed guards at the prison (Docket No. 33); and a list of two Supreme Court cases and a statement that the case should not be dismissed (Docket No. 36). In the Order, Magistrate Judge noted that these documents were not relevant to any matter pending in the case and did not seek any specific relief. Furthermore, they were not in the form of a motion and were not served on Defendants. Magistrate Judge Boland struck the documents pursuant to Fed. R. Civ. P. 12(f) as immaterial and impertinent. He also ordered Plaintiff to "cease filing frivolous, irrelevant, and inappropriate papers with the Court," instructed Plaintiff to serve copies of all filings on both Defendants, and provided a brief explanation as to how to serve filings on defendants. Finally, Magistrate Judge Boland ordered Plaintiff to comply with Fed. R. Civ. P. 7(b) and file requests in the form of motions.

Apparently ignoring Magistrate Judge Boland's Order of July 30, 2007, Plaintiff filed seventeen additional documents that were deficient in the same ways as his previous filings. For example, Plaintiff filed, *inter alia*, a motion for court to appoint counsel (Docket Nos. 39, 52); motions for discovery (Docket No. 40, 50, 62); a letter asserting a supplemental claim (Docket No. 53); a state court cover sheet requesting that the Court not send materials to a certain address anymore and a request to see his "case manager" (Docket No. 55); a "Sworn Affidavit/Claim" reasserting the grounds for his complaint (Docket No. 60); and state court cover sheet requesting that the Court advise him of any deficiencies in his case so that he may cure them (Docket No. 63). Magistrate Judge Boland struck all seventeen of these filings in an Order dated August 31, 2007 (Docket No. 77). Plaintiff was again ordered to "cease filling frivolous, irrelevant, and inappropriate materials;" to serve copies of all materials filed in this Court "on counsel for all other parties in compliance with" Fed. R. Civ. P. 5; and to comply with Fed. R. Civ. P. 7(b). Magistrate Judge Boland warned Plaintiff that he would recommend dismissal of the case if Plaintiff did not comply with the Order and continued "his pattern of abusive conduct by inundating the court with materials that are redundant; are not relevant to any pending matter in this case; do not seek any specific relief; are not in the form of a motion; or are not served on defendants." Magistrate Boland also issued this warning to Plaintiff at a hearing held on August 31, 2007.

Subsequently, Plaintiff filed three additional motions: a Motion to Amend the Complaint (Docket No. 79); a Motion for Extension of Time and Request to Apoint [sic]

Counsel (Docket No. 86); and a Motion to Grant Leave to Proceed *in forma pauperis* (Docket No. 88). As these motions were not served on Defendants,[1] Magistrate Judge Boland ordered Plaintiff to show cause why the case should not be dismissed for failure to serve these motions on opposing counsel and failure to comply with the Orders of the Court (Docket No. 90). In the Order to Show Cause, Magistrate Judge Boland again warned Plaintiff that he would recommend dismissal if Plaintiff did not show cause why the case should not be dismissed. Plaintiff filed a response to the Show Cause Order (Docket No. 92), but it merely alleges that Plaintiff does not know how the federal court system works or the proper procedures to use to litigate the case. However, Magistrate Judge Boland has issued two orders explaining Fed. R. Civ. P. 7(b)'s requirement that copies of all materials filed be served on other parties and has discussed the requirement with Plaintiff at a hearing during which Plaintiff indicated he understood. Furthermore, Plaintiff has demonstrated his ability to comply with the requirement—Plaintiff served copies of his response and surreply to Defendant Meyer's motion for summary judgment on opposing counsel (Docket Nos. 82, 85). Therefore, Magistrate Judge Boland recommends that the case be dismissed with prejudice.

I have reviewed the pertinent portions of the record in this case, including the complaint, the motions filed by Plaintiff, the Orders issued by Magistrate Judge Boland, and the recommendation. I have also reviewed the legal authorities relied on by

---

[1] The Motion to Amend and the Motion to Proceed *in forma pauperis* are each only one page and do not contain a certificate of service at all. The Motion for Extension of Time and Request to Apoint [sic] Counsel contains a certificate of service but only states that the motion was mailed to the United States Court.

Magistrate Judge Boland and discern no error. A district court may dismiss a case for failure to comply with [local rules], the Federal Rules of Civil Procedure, or any court order." D.C.COLO.LCivR 41.1; *see also* Fed. R. Civ. P. 41(b). However, "dismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of the justice.'" *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Before choosing dismissal as a sanction, a court must consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

In this case, Magistrate Judge Boland properly considered all the relevant factors and found all weighed towards dismissal. I agree—Plaintiff has continually ignored the orders and warnings issued by Magistrate Judge Boland, has not changed his behavior despite his previous filings being stricken and previous warnings, and has wasted valuable court time and valuable time of Defendants. Plaintiff has been provided with ample opportunity and explanation to help him correct his filing behavior, but has continually failed to do so in violation of court order. Furthermore, Plaintiff has demonstrated, contrary to his claims in his response to the Order to Show Cause, that he does in fact know how to serve materials on opposing counsel. I also note that while Plaintiff promises in his response to the Order to Show Cause to serve all filings

on opposing counsel he fails to serve this very response on opposing counsel. Therefore, I find that lesser sanctions will not serve the ends of justice and that dismissal, although severe, is a proper sanction for Plaintiff's abusive conduct.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Boyd N. Boland (Docket No. 97) is accepted.

2. Plaintiff's complaint is dismissed with prejudice for abuse of the judicial system and repeated failures to comply with orders of this Court.

DATED at Denver, Colorado, on January 17, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge